UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES,<br><br>v.<br><br>TERENCE AUBREY LARKER,<br><br>Defendant. | No. 2:22–cr–59–JAM–KJN<br><br>ORDER FOR SUPPLEMENTAL BRIEFING |

Defendant was arrested in Nevada on March 29, 2022, on a warrant from the Eastern District of California. He appeared before a Nevada magistrate judge pursuant to Rule 5 of the Federal Rules of Criminal Procedure, and a detention hearing was held pursuant to the Bail Reform Act, 18 U.S.C. § 3142(f), Rule 5(d)(3) and 46(a). Defendant was released on conditions, and his case was transferred to this district, as the charging district, for further proceedings.

On April 1, 2022, the matter of defendant's conditions of release was before the undersigned. Assistant U.S. Attorney Denise N. Yasinow appeared on behalf of the government, and Linda C. Allison from the Federal Defender's Office appeared for defendant. (See ECF No. 10.) At the hearing, the parties discussed the court's authority to order changes to defendant's conditions of release in relation to one of the court's new local rules. See Local Rule 429 (requiring any 'review' of a previous bail order based on new information to be noticed for a hearing seven days out and accompanied by full briefing). The court ordered briefing on the matter and continued the issue of defendant's release conditions to an April 11th hearing. (ECF

1

No. 10.)

The government argued in its brief that under the Bail Reform Act, the magistrate judge in the charging district could set different conditions of release than those ordered by the Nevada magistrate judge. (ECF No. 9.) The government argues this result is because the Bail Act allows for "as many first appearances as judicial officers his bail determination came before." United States v. Dominguez, 783 F.2d 702, 705 (7th Cir. 1986). Thus, the government contends Local Rule 429's briefing schedule would not apply, as defendant's current proceedings would not be a 'reopening' or 'review' of defendant's release order but, in fact, a new release order.

Defendant argued such a reading of the Bail Reform Act goes against the plain language of the statute and would, in effect, render a nullity of the Nevada magistrate judge's release order. Defendant contends that only two avenues exist to 'review' his current conditions of release: (1) under 28 U.S.C. § 3145, where the Government could have sought review of the order with the district judge in the charging district (here, District Judge Mendez); or (2) under 28 U.S.C. § 3142(f), by alleging new information not known to the parties when they appeared before the Nevada magistrate judge. Defendant argues a 'reopening' under Section 3142(f) would trigger Local Rule 429, and so the government would need to make a formal request (set seven days out with full briefing) to modify the conditions of release. (ECF No. 12.)

The court reviewed the parties' briefs and heard arguments at an April 11 hearing. (ECF No. 14.) However, the court expressed concern over certain aspects of the issues, not briefed by either party. One issue concerned whether *any* magistrate judge has the authority to 'reopen' a detention/release order under 18 U.S.C. § 3142(f), or whether this authority rests *solely* with the magistrate judge who issued the detention/release order at the post-arrest Rule 5 detention hearing. See U.S. v. Cisneros, 328 F.3d 610, 614 (10th Cir. 2003) ("Revocation of a prior release order under § 3142(f) is available only when the review of a detention or release order is being conducted by the same judicial officer who entered the order and when new, material information is available."); see also U.S. v. Cannon, 711 F.Supp.2d 602 (E.D. Va. 2010) ("By its terms, [§3142(f)] provides for the reconsideration of a detention order only by the same judicial officer that conducted the original detention hearing, and only when there is new evidence that is

material to the decision of whether detention is appropriate.") (emphasis added).  Given that the parties did not submit arguments on the issues raised by the undersigned for the first time at the April 11th hearing, the court orders supplemental briefing.[1]

First, the parties shall address the following questions regarding a charging-district magistrate judge's authority over a defendant's release/detention order transferred in from an arresting district:

1. What is the exact position each party takes concerning the interaction of Rule 5's "initial appearance" and Section 3142's "first appearance"?  Are these terms synonymous, or are they distinct legal concepts?
    a. Put another way, when a defendant's case is transferred from an arresting district to this the charging district, accompanied by a release/detention order, does a charging-district magistrate judge hold a 'first appearance' under 18 U.S.C. § 3142(f), but not an 'initial appearance' under Rule 5, or has the defendant already had both a 'first' and 'initial' appearance?
2. If the undersigned agrees that a person charged with a felony has a right to "as many first appearances as judicial officers his bail determination came before" (following Dominguez), then:
    a. What principles and legal authority constrain either party from requesting, for example, even without any new information five separate release/detention orders for 'first' appearances before each magistrate judge in the Sacramento division as the magistrate judges rotate through their duty assignments?
    b. What effect should the charging-district magistrate judge give to the arresting-district magistrate judge's release/detention order?  For example, could the magistrate judge in the charging district completely ignore the arresting-district magistrate judge's order and find a defendant eligible for full release without

---

[1] The court is aware that defendant herein has retained new counsel to take over his case through trial.  However, counsel from the Federal Defender's office argued that this issue exists across multiple cases in this district.  Thus, counsel for the Federal Defender shall continue to brief and argue this issue and shall remain in the case until the court issues its ruling.

3

      conditions, change the defendant's conditions in whatever way it saw fit, or find detention warranted despite an arresting-district magistrate judge ordering release?

    c. After a release/detention order is transferred from an arresting-district court, should this court's pretrial services officer issue a full report instead of merely supplementing the arresting-district's report (i.e. including interviewing the defendant, noting the appropriateness of possible surities, etc.)? If not, why does a supplemental report satisfy the Bail Reform Act's requirements?[2]

3. If a defendant's 'first appearance' detention hearing in the arresting district is synonymous with Rule 5's 'initial' appearance, and any request to revisit the release/detention order in the charging district when new information arises is pursuant to Section 3142(f):

    a. Does the logic of <u>Cisneros</u> and <u>Cannon</u> require the parties to present their 'reopening' arguments to "the judicial officer" who issued the release/detention order alongside defendant's Rule 5 initial appearance?

        i. Thus, for cases transferred to a charging district, must the parties return to the judge who issued the release/detention order in the arresting district?

        ii. Further, for cases where a defendant was arrested in the <u>charging</u> district, would any 'reopening' motions need to be presented to the specific magistrate judge who issued the release/detention order at the defendant's initial Rule 5 detention hearing—and not whichever magistrate judge is currently handling the duty calendar?

    b. What effect does Rule 5(c)(3)(E) have on the charging-district magistrate

---

[2] If hereinafter the judges of this court require a full report be prepared by pretrial services when a case arrives via Rule 5, and this court's duty magistrate judge then issued his or her own detention/release order after a full hearing, would this assuage the parties' concerns about the court's current practices regarding reopening of a release/detention order after transfer of a case from an arresting district?

judge's authority to 'reopen' an arresting-district release/detention order?

Second, at the April 11 hearing, the judge and the parties also discussed a magistrate judge's authority to amend a release order and impose additional or different conditions of release. See 18 U.S.C. § 3142(c)(3). Accordingly, the parties shall also address in their supplemental briefing the following questions:

1. If defendant Larker's proceedings before the undersigned is a 'reopening' under Section 3142(f), do Cisneros and Cannon direct that the authority of Section 3142(c)(3) rests solely with the judicial officer who issued the first release order (here, the Nevada magistrate judge), or can a charging-district magistrate judge amend a release order under subsection (c)(3)?

2. Under Section 3142(c)(3), is the judicial officer who reopens the release/detention order required to seek input from defendant or the government when imposing additional or different conditions? Is a full or supplemental report from pretrial services required? Does this judicial officer need new information as per Section 3142(f)'s reopening clause, or can the judge alter a release order sua sponte without any new information?

3. If an arresting-district magistrate judge ordered a defendant released, does a judicial officer have authority to order detention under Section 3142(c)(3)?

**ORDER**

It is HEREBY ORDERED that:

1. Within 14 days, the parties shall file supplemental briefing stating their positions on the issues noted in this order; and

2. After the parties submit their briefs, the court will take the matter under submission without need for a hearing. Should the court decide another hearing is necessary, one will be ordered.

Dated: April 13, 2022

lark.59

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

5