1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    UNITED STATES OF AMERICA,            No.  2:22–cr–59–JAM–KJN

12                 Plaintiff,              ORDER

13         v.

14    TERENCE AUBREY LARKER,

15                 Defendant.

16

17         On April 11, 2022, the court heard arguments regarding the applicability of this district's

18    recently enacted Local Rule 429, which governs procedures for 'review' of bail orders.  (ECF

19    No. 15.)  The narrow issue before the court was whether the Government, when moving to add an

20    additional condition to Defendant's release order, must follow the local rule's notice and briefing

21    provisions.  However, because larger issues arose concerning the court's bail procedures in cases

22    transferred pursuant to Rule 5 of the Federal Rules of Criminal Procedure, the court ordered

23    supplemental briefing and indicated a written order would issue.

24         For the reasons set forth below, the court holds that because the Government's request

25    here was merely to modify Defendant's conditions of release, Local Rule 429 does not apply.

26    Instead, the Government was permitted to request additional or different conditions of release,

27    and the court could grant that request under 18 U.S.C. § 3142(c)(3).  Local Rule 429 applies only

28    when, under 18 U.S.C. § 3142(f), new information exists indicating:  (1) a detained defendant

1 should be released; or (2) a released defendant should be detained (where detention was
2 previously sought).

3    **Background**

4    On February 28, 2022, the court adopted proposed changes and additions to its local rules.
5 See General Order 645.  Among the new rules adopted was Local Rule 429, entitled "Bail
6 Review Procedures."  This rule states in relevant part:  "A party moving to reopen a detention
7 hearing pursuant to 18 U.S.C. § 3142(f) [of the Bail Reform Act] shall file a notice of motion and
8 motion indicating what [] new information or changed circumstance" exists.  The rule requires
9 such motion to be noticed for a hearing at least seven days out, permits an opposition brief at least
10 two days before the hearing, and directs Pretrial Services to prepare a supplemental report.

11    On March 24, 2022, Defendant was charged in this district with eight felony counts.
12 (ECF No. 1.)  He was arrested in Nevada on March 29, 2022, and brought before a magistrate
13 judge in the District of Nevada the next day for his Rule 5 initial appearance.  (ECF No. 7.)
14 There, the Government did not seek Defendant's detention, and the Nevada magistrate judge
15 released him on conditions.  (See id.)  Defendant's case was then transferred to this district, and
16 the undersigned set an "Arraignment (Initial Appearance)" hearing for April 1, 2022.  (ECF No.
17 8.)

18    At the April 1 hearing, the Government sought to add an unsecured bond package to
19 Defendant's conditions of release.  Defendant objected, arguing this request was in violation of
20 Local Rule 429's provisions because the Government had raised the bond issue just hours before
21 the hearing.  The Government argued its request was not one to "reopen" the Nevada court's
22 "detention hearing," but was a request for the court to enter an original bail order as part of
23 Defendant's "first appearance" in this district.  The court ordered briefing on the matter and
24 continued the issue of altering the release conditions to a future hearing.  (ECF No. 10.)

25    The parties submitted their briefs, and the court entertained arguments at an April 11,
26 2022 hearing.  (ECF Nos. 9, 12, 15.)  The court expressed concern at portions of the parties'
27 contentions, and so ordered supplemental briefing on a series of discrete questions regarding bail
28 orders in Rule 5 transfer cases.  (ECF Nos. 15, 23, 24.)  However, in order to move Defendant's

1  case forward, the court without objection modified Defendant's conditions to include an

2  unsecured bond, stating it was doing so under § 3142(c)(3).  (ECF No. 15.)  The court noted a full

3  written order would issue.  (Id.)  This is that order.

4    **Parties' Arguments**

5    This order sits at an intersection between the Bail Reform Act, which governs pretrial

6  release and detention (see, generally, 18 U.S.C. § 3142), the Federal Rules of Criminal Procedure,

7  and Local Rule 429.  Specifically, it is meant to clarify this court's procedures when a defendant

8  is charged with a felony in this district but arrested in another district, the arresting-district

9  magistrate judge issues a bail order and transfers the case to this district, and then a party requests

10  a different bail order before a magistrate judge in this district.

11    Defendant argues the Bail Reform Act only provides two avenues for a court to alter any

12  transferred bail order: (1) by seeking review of the order with the assigned district judge in the

13  charging district (here, District Judge Mendez) under 18 U.S.C. § 3145(a)-(b); or (2) by moving

14  to reopen the detention hearing before the assigned magistrate judge in the charging district (here,

15  the undersigned), under 18 U.S.C. § 3142(f).  Defendant argues the Government's request to add

16  a bond package, raised with a magistrate judge, is a § 3142(f) reopening request.  If so, this would

17  trigger Local Rule 429's requirement that the Government notice a motion at least seven days in

18  advance, describing what new information has come to light, and only then could the undersigned

19  consider adding an unsecured bond to Defendant's release order.  (ECF Nos. 12, 24.)

20    The Government argues that in transfer cases, a magistrate judge in the charging district

21  can issue a wholly new bail order—not a revision of the prior order—regardless of what was

22  ordered in the arresting district, and even if no new information exists.  For support the

23  Government relies on case law suggesting a defendant can have "as many first appearances as

24  judicial officers his bail determination [comes] before."  U.S. v. Dominguez, 783 F.2d 702, 705

25  (7th Cir. 1986) (citing 18 U.S.C. § 3142(f)).  Thus, the Government contends Local Rule 429's

26  provisions do not apply to Defendant's first appearance after transfer, as this would not be a

27  "reopening" of his Nevada detention hearing but would be his first detention hearing in this

28  district.  (ECF Nos. 9, 23.)  Defendant contends such a reading would render both an arresting-

3

district's bail order and the explicit review-or-reopen structure of the Bail Reform Act superfluous.

The undersigned finds that neither party has the issue properly framed for one simple reason—no court has yet held a "Detention Hearing" in Defendant's case.

**<u>Governing Rules</u>**

Rule 2 of the Federal Rules of Criminal Procedure states:  "These rules are to be interpreted to provide for the just determination of every criminal proceeding, to secure simplicity in procedure and fairness in administration, and to eliminate unjustifiable expense and delay."[1]

Rule 5 governs <u>initial appearances</u> upon arrest, requiring a defendant be brought "without unnecessary delay before a magistrate judge . . . ."  Rule 5(a).  Subsection (c) sets the location for the defendant's initial appearance as well as the procedure for transferring cases from an arresting district to a charging district.  It states in relevant part:

> (1) *Arrest in the District Where the Offense Was Allegedly Committed*. If the defendant is arrested in the district where the offense was allegedly committed[,] the **<u>initial appearance</u>** must be in that district . . . .

> (2) *Arrest in a District Other Than Where the Offense Was Allegedly Committed*. If the defendant was arrested in a district other than where the offense was allegedly committed, the **<u>initial appearance</u>** must be (A) in the district of arrest; or (B) in an adjacent district [in certain circumstances].

> (3) *Procedures in a District Other Than Where the Offense Was Allegedly Committed*. If the **<u>initial appearance</u>** occurs in a district other than where the offense was allegedly committed, the following procedures apply:

> ***

> (D) the magistrate judge must transfer the defendant to the district where the offense was allegedly committed if [a warrant is produced, and defendant's identity is confirmed]:

> (E) when a defendant is transferred and discharged, the clerk must promptly transmit the papers and any bail to the clerk in the district where the offense was allegedly committed.

---

[1] Citation to the "Rule(s)" are to the Federal Rules of Criminal Procedure unless otherwise noted.

Rule 5(c) (emphases added).  For initial appearance procedures in felony cases, Rule 5 requires that a magistrate judge "must detain or release the defendant as provided by statute or these rules."  Rule 5(d)(3).  Pretrial release is explicitly governed by 18 U.S.C. §§ 3142 and (irrelevant here) 3144.  Rule 46(a).

The Bail Reform Act, 18 U.S.C. § 3142(a), states:

> Upon the appearance before a judicial officer[2] of a person charged with an offense, the judicial officer shall issue an order that, pending trial, the person be—
>
> > (1) released on personal recognizance or upon execution of an unsecured appearance bond, under subsection (b) of this section;
> >
> > (2) released on a condition or combination of conditions under subsection (c) of this section;
> >
> > (3) temporarily detained to permit revocation of conditional release, deportation, or exclusion under subsection (d) of this section; or
> >
> > (4) detained under subsection (e) of this section.

The Act prioritizes release, allowing for full pretrial detention only if "no condition or combination of conditions can be fashioned."  See id. at § 3142(b)-(e); U.S. v. Gebro, 948 F.2d 1118, 1121 (9th Cir. 1991) ("The [Act] requires the release of a person facing trial under the least restrictive condition or combination of conditions that will reasonably assure the appearance of the person as required and the safety of the community.  Only in rare circumstances should release be denied, and doubts . . . should be resolved in defendant's favor." (citations omitted)).

Section 3142(c) governs pretrial release on conditions, setting forth numerous options for the court to consider, including the execution of a bail bond with solvent sureties.  See § 3142(c)(1)(B)(xii).  Critical to the court's holding here, § 3142(c)(3) allows a magistrate judge "at any time to amend the [release on conditions] order to impose additional or different conditions of release."

Section 3142(f), labeled "Detention Hearing," states a court "shall hold a hearing to

---

[2] "Judicial officers" encompass more than just federal magistrate judges.  See 18 U.S.C. § 3141. For purposes of this order, however, magistrate judges are the "judicial officers" at issue.

determine whether any condition(s) of release will assure the defendant's appearance and the safety of any other person and the community."  However, this "Detention Hearing" is only triggered:  (1) on the Government's motion in certain types of cases: or (2) where the Government or court finds there is a serious risk defendant will flee or obstruct justice.  See § 3142(f)(1)-(2); see also U.S. v. Fidler, 419 F.3d 1026, 1028 (9th Cir. 2005) (noting that § 3142(c) "does not direct that a full hearing following the guidelines set out in § 3142(f) be held either before or after the release order is issued," whereas § 3142(e) "explicitly requires a detention hearing to be held pursuant to the provisions of [§ 3142(f)].");  U.S. v. DeGrave, 539 F.Supp.3d 184, 198 (D.D.C. 2021) ("[F]or a detention hearing to be held, the [c]ourt must make one of two findings:  either that the defendant is charged with an offense . . . under 18 U.S.C. § 3142(f)(1)(A)-(E), or that there is a serious risk that the defendant will flee or will obstruct justice, [etc.] . . . as set forth in 18 U.S.C. § 3142(f)(2)(A)-(B).").  If the court holds a Detention Hearing, it is to consider a host of factors concerning the defendant's case.  18 U.S.C. § 3142(g).  Subsection (f) concludes with several procedural instructions, including as is relevant here:

> The [detention] hearing shall be held immediately upon the person's **first appearance** before the judicial officer unless that person, or the attorney for the Government, seeks a continuance [for 3-5 days unless good cause exists to continue further].  During a continuance, such person shall be detained . . . .

> The **hearing** may be **reopened**, before or after a determination by the judicial officer, at any time before trial, if the judicial officer finds ["new information," i.e. information] that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community.

18 U.S.C. § 3142(f) (emphases added).

Separately, 18 U.S.C. § 3145 governs "[r]eview and appeal of a release or detention order."  Relevant here, subsections (a) and (b) allow for the "revocation" or "amendment" of a bail order by "a judge of a court having original jurisdiction over the offense."  See 18 U.S.C. § 3145(a)-(b).  Section 3145 allows for a one-time review of a magistrate judge's bail order by the district judge in the charging district.  See U.S. v. Evans, 62 F.3d 1233, 1235 (9th Cir. 1995) ("Thus, under the statute, either the Government or the defendant may seek review of the

6

1  magistrate judge's release order in the district court and the defendant may seek review of the

2  magistrate judge's detention order in the district court."). Notably, and in contrast to § 3142(f),

3  § 3145 does not require either party to put forth any new information to obtain review of a

4  magistrate judge's bail order.

5       **Analysis**

6       Having set forth relevant law, the undersigned turns to the salient question presented by

7  this case: what procedures should be followed in this district, given the command of Local Rule

8  429, when a party seeks to obtain a bail order different from what was ordered in an arresting

9  district? Despite the parties' best efforts, the court adopts neither side's position for Defendant's

10  case, as one basic fact underpinning the parties' arguments has been misconstrued. The

11  Government states in its opening brief that at Defendant's Rule 5 appearance in the District of

12  Nevada, "the magistrate judge held a <u>detention hearing</u> and ordered Larker released on a personal

13  recognizance bond under special conditions." (ECF No. 9 at 1, emphasis added.) Defendant

14  makes the same statement in his opening opposition, that he appeared before the District of

15  Nevada magistrate judge and, "pursuant to 18 U.S.C. 3142(f), a <u>detention hearing</u> was held."

16  (ECF No. 12 at 1, emphasis added.) However, under the plain language of 18 U.S.C. § 3142,

17  persuasive case law, and both courts' dockets, the undersigned concludes Defendant never had a

18  "Detention Hearing," simply because his detention has never been sought.

19       As mentioned above, the Bail Reform Act grants a court the authority to release or detain

20  a defendant by taking one of four actions: (1) release on personal recognizance or with an

21  unsecured bond; (2) release on a condition or combination of conditions; (3) temporarily detain

22  for limited purposes; or (4) detain pending trial. 18 U.S.C. § 3142(a). The Act requires a

23  defendant be released on personal recognizance or unsecured bond unless this would not

24  reasonably assure the defendant's appearance and would endanger the safety of another or the

25  community. § 3142(b). If assurances do not exist, the Act still requires a defendant be released

26  on whatever combination of conditions would appease the same appearance and safety concerns.

27  § 3142(c). Critically, these two subsections (along with the 'temporary detention' provision of

28  subsection (d)) do <u>not</u> require the court to hold a "Detention Hearing." <u>See</u> <u>Fidler</u>, 419 F.3d at

1028; DeGrave, 539 F.Supp.3d at 198.  Subsection (e), governing "Detention," is the only section

explicitly requiring such a hearing.  See §3142(e) (noting that "[i]f, after a hearing pursuant to the

provisions of subsection (f) of this section" the assurances are not appeased, the magistrate judge

"shall order the detention of the person before trial") (emphasis added).  Importantly, and as the

Government noted in its supplemental brief (ECF No. 23 at 4, n.2.), a detention hearing is not

triggered unless the Government so moves in cases with certain charges, or where the

Government or court finds a serious risk of flight or obstruction.  § 3142(f)(1)-(2).  Thus, the

court's conclusion—that a detention hearing has not been held in Defendant's case because

detention has not been sought—naturally flows from the language of the Act.

This conclusion also flows from cases underpinning those cited in the Government's

briefing.  Most persuasive is U.S. v Maull, 773 F.2d 1479 (8th Cir. 1985).  There, defendant was

arrested (in the charging district), and the magistrate judge set release conditions that included a

one-million-dollar bond.  Id. at 1481.  The defendant sought a reduction of the bond at a hearing

before the district judge (18 U.S.C. § 3145(a)), but instead of receiving the outcome he requested,

the district judge deemed defendant a flight risk and ordered him detained.  Id.  On appeal, the

defendant argued that because detention had not been sought in his "first appearance" before the

magistrate judge, the district judge could not order detention.  Id.  The Eighth Circuit disagreed,

noting that the defendant's appearance before the district judge "*was* [his] first appearance before

the district court after [the district court] of its own motion called for a detention hearing." Id. at

1482 (emphasis in original).  It is this language that later courts cited, and this language on which

the Government here heavily relies, in arguing that a defendant could have as many "first

appearances" as judges who hear the issue of bail.  Dominguez, 783 F.2d at 705.  However, as the

court in Maull counseled, "the import of the clause" is not to tie the issue of detention solely to

the first judicial officer the defendant faces, but "to call for a prompt hearing on the issue of

detention" after it is sought.  773 F.2d at 1483 (citing U.S. v. Delker, 757 F.2d 1390, 1394 (3d

Cir. 1985)).  As applied to defendant Maull's case, the Eighth Circuit held:

> Here the magistrate [judge] did not hold a detention hearing
> because he accepted the government's recommendation of the one-
> million-dollar bond and found that this condition would reasonably

1    <u>assure Maull's appearance</u>. The district court, however, found a
     serious risk of flight and applied this part of the statute to
2    immediately call a detention hearing. This was done upon Maull's
     first appearance before the district court. We conclude that this
3    procedure is consistent with the statute.

4    773 F.2d at 1483 (emphasis added).

5            The fundamental flaw in the parties' reasoning herein is that they equate "Detention

6    Hearing" with any hearing resolving a defendant's bail. This distinction is not a mere question of

7    semantics. The Government's entire argument rests on case law that allows for "as many first

8    appearances as judicial officers his bail determination [comes] before." <u>Dominguez</u>, 783 F.2d at

9    705 (citing 18 U.S.C. § 3142(f)). But if a Detention Hearing is never triggered by the

10   Government's motion or court's finding—whether in an arresting district at the initial appearance

11   in the charging district after transfer, or even, say, 6 months into a case—then there is no "first

12   appearance" for purposes of a Detention Hearing. <u>See</u> 18 U.S.C. § 3142(f) ("The [detention]

13   hearing shall be held immediately upon the person's first appearance before the [magistrate

14   judge] . . . ."). It follows, then that there can be no "reopening" of a Detention Hearing that was

15   never opened in the first place. <u>See id.</u> (noting the "<u>hearing</u>"—not the bail order—can be

16   reopened at any time before trial upon new information). Thus, the Government is partially

17   correct: just because a defendant is transferred to this district with a bail order, this does not

18   preclude a charging-district magistrate judge from holding a detention hearing upon the

19   defendant's "first appearance" in this court. This "first appearance," however, is tied to the

20   Government or court's <u>first attempt to detain</u> a defendant in each case, whenever that might

21   occur.

22           Applying this rationale to Defendant Larker's case, because detention has never been

23   sought, no "Detention Hearing" has ever been held—either in this district or at his Rule 5 initial

24   appearance in the District of Nevada. (<u>See</u> Defendant's transferred documents, ECF No. 25 at 7

25   (order setting personal recognizance bond); <u>id.</u> at 8-12 (order setting conditions of release); <u>id.</u> at

26   16 (minute order at ECF 2: noting "Defendant is released on PR Bond under special conditions"

27   where no detention was sought; <u>see also</u> ECF No. 10 (noting the Government has not argued for

28   detention but has merely requested a modification of the release conditions).) Thus, when the

Government moved to add the unsecured bond package to Defendant's conditions, it was not moving to "reopen" the Detention Hearing under 18 U.S.C. § 3142(f), and so the provisions of Local Rule 429 do not apply.  See Local Rule 429 (requiring "[a] party moving to reopen a detention hearing pursuant to 18 U.S.C. § 3142(f) shall file a notice of motion and motion indicating what [] new information or changed circumstance" exists) (emphasis added).

This analysis begs the question:  if Congress only provided a court with the authority to "reopen" a "Detention Hearing," and a Detention Hearing cannot be "reopened" if one was never opened to begin with, how is either party allowed to seek different conditions of release?  The answer is simple.  Title 18 U.S.C. § 3142(c)(3) grants a court the power to, "at any time[,] amend the order to impose additional or different conditions of release."  Courts across the country have used the authority of subsection (c)(3) to alter conditions, either sua sponte or by motion.  See Reno v. Koray, 515 U.S. 50, 63 (1995) (noting differences between the court's authority over a detained defendant versus a released defendant, and citing § 3142(c) as the judicial officer's authority to summarily modify conditions of release); cf., e.g., U.S. v. Durham, 2011 WL 1330850, at *1-2 (S.D. Ind. Apr. 7, 2011) (noting in a non-detention case that the magistrate judge had authority to modify conditions of release after transfer from a charging district, citing to the Section's "broad language" as well as case law indicating that "the most informed decisions [about conditions of release] will almost always be made in the charging district") (citing Dominguez 783 F.2d at 705); with U.S. v. Smith, 2012 WL 3776868, at *3 (D. Ariz. Aug. 31, 2012) (noting the court's authority under § 3142(c) to modify a defendant's conditions of release, but attaching § 3142(f)'s new-information requirement to (c)(3) modification motions to prevent a defendant from "repeatedly fil[ing] multiple motions to modify his release conditions until he gets the ruling he likes").[3]

Thus, while Defendant is correct that Congress only allowed for two avenues to review a detention order (§ 3145 review or § 3142(f) reopening of a Detention Hearing, as discussed

---

[3] While the undersigned disagrees with Smith and similar cases finding that a § 3142(f) reopening motion is required for a § 3142(c) modification, the policy rationale requiring such new information is on firm ground, if for no other reason than to prevent a party from judge shopping.

1  further in Section C below), the Bail Reform Act also allows for modification when a party seeks

2  only to alter the release conditions.  18 U.S.C. § 3142(c)(3).  Such a modification is what the

3  court did on April 11, 2022:  acted under its § 3142(c)(3) authority to add an unsecured bond

4  package to Defendant's release conditions upon the Government's motion.  18 U.S.C.

5  § 3142(c)(1)(B)(xii) (authorizing "a bail bond with solvent securities" as a release condition).

6  Because Local Rule 429 is tied explicitly to reopening a Detention Hearing, and not merely

7  changing conditions of release, the Government was not required to notice its motion for a

8  hearing at least seven days out on full briefing.[4]

9       **Addendum**

10       With the above holding on Defendant Larker's case, this order is complete.  However,

11  because the purpose of the parties' briefing was to clear up concerns about the operation of Local

12  Rule 429, especially in cases where a defendant is arrested in another district and then transferred

13  to this district for prosecution (a situation that regularly arises), the undersigned turns to the

14  question originally posed by the parties:  is a defendant's "initial appearance" for Rule 5 purposes

15  the same as a Detention Hearing's "first appearance" for Bail Reform Act purposes?

16       When a defendant is arrested on felony charges in the same district where charged, and

17  detention is immediately sought, there is no distinction between the two.  Rules 5 and 46(a)

18  require giving the defendant an initial appearance before the magistrate judge, who "must detain

19  or release the defendant" per Rule 5(d)(3).  A § 3142(f) Detention Hearing is triggered when

20  detention of the defendant is sought.  This release-or-detain decision occurs "immediately upon

21  the person's first appearance" before the magistrate judge, which if detention had been sought in

22  this circumstance would be at the Rule 5 initial appearance.  Thus, in this scenario, the "initial

23  appearance" and "first appearance" are the same.  It follows, then, that an order after this

24  Detention Hearing can be "reviewed" by the assigned district judge under § 3145, and can be

25  "reopened" by a magistrate judge if the party seeks a different detention decision based on new

26

27  [4] In certain cases the court may need more time or information to decide whether changed
conditions are appropriate and so retains discretion to use 429's procedures if needed.  Moreover,
28  the detention provisions may be triggered if the modified released conditions effectively result in
the defendant being detained.

information under § 3142(f).  When seeking to reopen a Detention Hearing before a magistrate

judge, Local Rule 429 applies.

However, when a defendant is arrested for a felony and makes an "initial appearance" (per

Rules 5(a) and 5(c)(2)) in a district other than the charging district, Rule 5 calls for the case to be

transferred to the charging district after the initial appearance (per Rule 5(c)(3)(D-E)).  Whether

Local Rule 429's provisions apply in this transfer context depends on what occurs in the arresting

and charging districts.

### A. Local Rule 429 does not apply where detention was not sought in the arresting district but is raised for the first time in the charging district.

If after arrest the defendant is brought before the arresting-district magistrate judge and

the issue of detention is <u>not</u> raised (Rules 5(d)(3), 46(a), and 18 U.S.C. § 3142(f)), the defendant

makes an "initial appearance" (per Rule 5) but does <u>not</u> make a "first appearance" for Bail

Reform Act purposes (per § 3142(f)) in the arresting district—simply because no Detention

Hearing occurs.  <u>Fidler</u>, 419 F.3d at 1028.  However, if, after the case arrives in the charging

district, there exists cause to detain the defendant, a Detention Hearing would be opened for the

first time.  This is the scenario presented in the cases cited by the Government.  <u>Dominguez</u>, 783

F.2d at 703-705 (finding that where prosecutors did not request detention in the arresting district,

but upon transfer to the charging district the Government sought detention, defendant made an

"initial appearance" in the arresting district but a "first appearance" at the Detention Hearing in

the charging district, and holding that the Government was not barred from requesting detention

in the charging district); <u>Maull</u>, 773 F.2d at 1481-83 (same).  In this scenario, Local Rule 429

does not apply because the charging district would be opening a Detention Hearing for the first

time, and the local rule only applies to 'reopening' a prior Detention Hearing.

////

////

////

12

**B. Local Rule 429 does not apply where a Detention Hearing was opened in the arresting district but continued until after transfer to the charging district.**

If, after arrest outside the charging district, the Government <u>does</u> seek detention, but the Detention Hearing is continued, and the defendant is transferred to this district during the continuance, there can be no "reopening" of a hearing that was never concluded.  <u>See, e.g.</u>, <u>U.S. v. Aitken</u>, 898 F.2d 104, 105 (9th Cir. 1990) (noting the Act's authority to allow for continuances of a Detention Hearing, as well as how such a hearing begins and is completed).  In this scenario, Local Rule 429 will not apply because the first Detention Hearing was not concluded.[5]

**C. Local Rule 429 applies where detention is raised in the arresting district, and the arresting-district magistrate judge orders the defendant released or detained.**

If after arrest the defendant is brought before the arresting-district magistrate judge, and the issue of detention is raised by the Government or arresting-district magistrate judge (Rules 5(d)(3), 46(a), and 18 U.S.C. § 3142(e)-(f)), that means defendant makes both an "initial appearance" (Rule 5) and a "first appearance" at the Detention Hearing (§ 3142(f)) in the arresting district.  If the Detention Hearing is not continued, the arresting district magistrate judge will issue an order releasing or detaining the defendant, and thereafter the case would be transferred to this district (the charging district).  When the case arrives here, if the Government again seeks to detain a released defendant upon new information, or a detained defendant seeks release upon new information, this will be construed as a request to reopen the Detention Hearing.  18 U.S.C. § 3142(f).  As Defendant has argued, this answer flows from the structure of the Act itself.  Congress only provided for two avenues to revisit detention (via § 3145 review or § 3142(f) reopening), not a second "first appearance" at the Detention Hearing.

The undersigned recognizes the Government's argument that after a felony criminal case is transferred from the arresting district, a charging-district magistrate judge "is imbued with the authority to make a de novo detention decision upon a defendant's first appearance in this

---

[5] The defendant may arrive in the charging district detained, but this is authorized by the Act. <u>See</u> § 3142(f) ("During a continuance, [the defendant] shall be detained.").

13

district."  (ECF No. 9 at 5.)  This argument is indeed supported by a passage in <u>Dominguez</u>,

where the Seventh Circuit stated the "first appearance" clause of the Bail Reform Act could be

read "to refer to the first appearance before any judicial officer; **<u>a person would then have as</u>**

**<u>many 'first appearances' as judicial officers his bail determination came before</u>** (arguably

including judges of this court)."  783 F.2d at 704-05 (emphasis added).  Based on <u>Dominguez</u>, the

Government contends the first post-transfer hearing in this court would not be a "reopening" but

would in fact be the "first appearance" in the charging district.

      It is tempting to seize on the language of <u>Dominguez</u> and note Congress's use of different

words in Rule 5 ("initial") and § 3142(f) ("first") to allow for multiple 'first appearances.'  <u>See</u>

<u>Wisconsin Cent. Ltd. v. U.S.</u>, 138 S. Ct. 2067, 2071 (2018) ("[D]ifferences in language [in

companion statutes] convey differences in meaning.").  However, there are multiple issues with

this approach.  First, to allow such a procedure would effectively render superfluous §§ 3142(f)

and 3145.  <u>See</u> <u>TRW Inc. v. Andrews</u>, 534 U.S. 19, 29 (2001) (reminding that statutes should not

be read to render a provision "entirely superfluous" except under the "most unusual

circumstances").  Second, as Defendant notes, courts in this circuit have rejected a multiple-bites

approach.  <u>See, e.g.</u>, <u>United States v. Wren</u>, No. 2:16-mj-562-NJK, 2016 U.S. Dist. LEXIS

134691, *3 (D. Nev. Sep. 29, 2016) ("[T]he Bail Reform Act of 1984 provides two clear avenues

for reconsideration of a fully adjudicated detention order, which do not include a second detention

hearing [after transfer from an arresting-district].").  Third, taken to its logical conclusion, a

holding of this nature would permit <u>five</u> new bail orders in the first ten weeks of a criminal

proceeding—as defendants could make a "first appearance" before each magistrate judge in the

Sacramento division[6]—all without ever having to proffer new information.  This cannot be

---

[6] This potential result is because the magistrate judges in the Sacramento division rotate through
criminal duty assignments generally every two weeks.  The court posed the quagmire of five
successive bail orders to the parties in its order for supplemental briefing, and the Government
acquiesced to this interpretation.  However, it contends that because the issue of detention can
only be raised by the Government or court, <u>defendants</u> would be precluded from requesting five
hearings in Sacramento.  <u>See</u> 18 U.S.C. § 3142(f)(1)-(2).  As to its own ability to request five
detention hearings, the Government states it would use its discretion not to do so, noting it has
never sought "repeated first appearance detention hearings" in the past.  (ECF No. 23 at 4.)  This
is cold comfort, however, as the Government's request in Defendant's case is exactly that—a

14

1    Congress's intent.  <u>TRW Inc.</u>, 534 U.S. at 29.  Thus, the undersigned is unpersuaded by this

2    portion of <u>Dominguez</u>.

3          For these reasons, where a Detention Hearing is had in the arresting district (and no

4    § 3142(f) continuance was ordered) and the case is transferred to this district, Local Rule 429's

5    notice and briefing provisions will apply to a detained defendant's motion for release as well as

6    the Government's successive detention motion (each on new information).  However, the

7    undersigned believes there would be good cause to shorten the Local Rule's timing provisions

8    where either side has a <u>credible</u> argument that the issue of detention should be different.  The

9    party's position on shortening time should be made known to the court as soon as is practicable.

10          **<u>Conclusion</u>**

11          For the reasons stated above, the undersigned adopts the following procedure for criminal

12    cases where a defendant is charged with a felony in this district, arrested in another district and

13    has a Rule 5 initial appearance there, and then is transferred to this district for prosecution.  Upon

14    notice of the transferred action, the court will set a status conference to restate the terms of

15    defendant's bail order, trigger the running of the Speedy Trial Act, remind the Government of its

16    <u>Brady</u> obligations, and handle other pretrial matters.  Then:

17          1. If the arresting-district magistrate judge ordered defendant released on conditions, and

18             either party merely requests a change in the conditions of release, the court will

19             entertain arguments at the first status conference and may impose different or

20             additional conditions pursuant to its authority under 18 U.S.C. § 3142(c)(3).  In this

21             situation, Local Rule 429's provisions will not apply because the parties are not

22             raising the issue of detention (so there is no attempt to reopen a Detention Hearing,

23             regardless of whether one was opened in the arresting district).  However, the court

24             retains discretion to order full briefing if needed.

25          2. If, at the Rule 5 appearance in the arresting district, detention was not sought, but then

26    _____

27    request for a repeat 'first appearance' hearing after what the Government argued was Defendant's
      *first* 'first appearance' in the District of Nevada.  As to the Government's discretionary promise,
      the undersigned believes that, no matter how ethical current counsel may be in refraining from

28    abusing the system, tilling this ground for future sewing is unwise.

after transfer to this district the Government seeks detention, the court will hold a Detention Hearing at the status conference.  In this situation, Local Rule 429's provisions will not apply because this is not a "reopening" of a Detention Hearing (because the arresting district never opened a Detention Hearing).  This Detention Hearing at the status conference is the defendant's "first appearance" after detention is first sought.  Maull, 773 F.2d at 1481-83.

3.  If detention was sought in the arresting district, but the arresting-district magistrate judge continued the matter of detention (as allowed by § 3142(f)), the court here will hold a Detention Hearing at the status conference.  In this situation, Local Rule 429's provisions will not apply because this also is not a "reopening" of a Detention Hearing (because the Detention Hearing was never concluded in the arresting district).

4.  If the arresting district opened a Detention Hearing (because the issue of detention was raised there), and after transfer to this district (i) a detained defendant requests release with or without conditions or (ii) the Government seeks to detain a released defendant, this will be construed as a motion to reopen the arresting district's Detention Hearing. In this situation, Local Rule 429 will apply.  The movant shall endeavor to make the court aware of the reopening motion either prior to or at the status conference. Further, given Rule 2's call for "the just determination of every criminal proceeding," "simplicity in procedure and fairness in administration," and eliminat[ion of] unjustifiable expense and delay," the moving party may request a shortened briefing schedule, which the court will liberally grant on good cause if the party has new information supporting a credible argument for release or detention.

Finally, in each of these four scenarios, the court will order Pretrial Services to prepare a full report before the undersigned decides any bail issues.

**ORDER**

Accordingly, it is hereby ORDERED that, pursuant to its authority under 18 U.S.C. Section 3142(c)(3), the court GRANTS the Government's motion to modify Defendant's conditions of release.  An unsecured bond in the amount of $50,000, to be co-signed by defendant

16

and Sarah Lewin, is added to Defendant's conditions (which has already been addressed).  (<u>See</u>

ECF No. 15.)

Dated:  May 17, 2022

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

lark.59

17